IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT NEW YORK

GREGORY R. POLLOCK a/k/a FRANK LUONGO,
a/k/a FRANK LONGO,

             Plaintiff,

  -against-

PETER TAM and KEITH McDOWELL,

             Defendants.

Civil Action No. 08-CV- (NG) (RLM)

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Section 1983.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3&4).

4. Venue is appropriate pursuant to 28 U.S.C. Section 1391(b)(1&2).

5. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

6. That on October 28, 2009, Judge Nina Gershon issued an order permitting for the amendment of the Summons and Complaint in this action.

## PARTIES

7. That the plaintiff, GREGORY R. POLLOCK a/k/a FRANK LUONGO, a/k/a FRANK LONGO (hereinafter referred to "POLLOCK"), is resident of the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, defendant, PETER TAM, was employed by The City of New York, as a member of its police department.

9. Upon information and belief, that at all times hereinafter mentioned, that at all times, the defendant, police officer, PETER TAM, was acting for, upon and in furtherance of the business of his employer and within the scope of his employment with The New York City Police Department.

10. Upon information and belief, that at all times hereinafter mentioned, defendant, KEITH McDOWELL, was employed by The City of New York, as a member of its police department.

11. Upon information and belief, that at all times hereinafter mentioned, that at all times, the defendant, police officer, KEITH McDOWELL, was acting for, upon and in furtherance of the business of his employer and within the scope of his employment with The New York City Police Department.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, as well as pursuant to the common law of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

14. On August 26, 2007, at approximately 3:45 a.m., the plaintiff, POLLOCK, was lawfully present on or around Atkins Avenue, County of Kings, State of New York.

15. That the plaintiff, POLLOCK, was approached and confronted by police officer PETER TAM of the New York City Police Department.

16. That the plaintiff, POLLOCK, was approached and confronted by police officer PETER TAM of the New York City Police Department.

17. That said defendant PETER TAM thereafter illegally and unlawfully assaulted and battered the plaintiff POLLOCK, employing excessive force throughout the incident despite having restrained the plaintiff.

18. That the plaintiff, POLLOCK, was approached and confronted by police officer KEITH McDOWELL of the New York City Police Department.

19. That said defendant KEITH McDOWELL thereafter illegally and unlawfully assaulted and battered the plaintiff POLLOCK, employing excessive force throughout the incident despite having restrained the plaintiff.

20. That the plaintiff POLLOCK sustained serious and permanent personal injury, including pain and suffering, loss of enjoyment of life and other injuries.

21. That the federal claims are brought in a timely manner within three years of the date they accrued.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF GREGORY R. POLLOCK VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE FOURTH AMENDMENT VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

23. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable

force and was assaulted and battered by the within defendants, PETER TAM and KEITH McDOWELL, in that defendant struck the plaintiff POLLOCK in the face and body with their bodies and other police equipment, including, but not limited to, NYPD police motor vehicles.

24. That the said assault and battery of the plaintiff POLLOCK was effected by the aforementioned defendant police officers, PETER TAM and KEITH McDOWELL, without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

25. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

26. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically requiring the plaintiff POLLOCK to receive medical treatment, was scarred and subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotion harms.

27. That by reason of the aforesaid, the plaintiff POLLOCK has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GREGORY R. POLLOCK
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA BATTERY

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

29. That New York CPLR §1601 does not apply pursuant to the exception provided by CPLR §1601(1)(b).

30. That on August 26, 2007, defendant, PETER TAM, committed a battery on plaintiff POLLOCK in that his touching of the plaintiff was harmful, unconsented, and unjustified and in so doing defendant violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

31. That the aforementioned defendant PETER TAM, in hitting and striking the plaintiff POLLOCK in the face and body with their bodies and police equipment, including but not limited to, striking him with NYPD motor vehicles, committed a battery against plaintiff POLLOCK.

32. That on August 26, 2007, defendant, KEITH McDOWELL committed a battery on plaintiff POLLOCK in that his touching of the plaintiff was harmful, unconsented, and unjustified and in so doing defendant violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

33. That the aforementioned defendant KEITH McDOWELL, in hitting and striking the plaintiff POLLOCK in the face and body with their bodies and police equipment, including

5

but not limited to, striking him with NYPD motor vehicles, committed a battery against plaintiff POLLOCK.

34. That by reason of the acts of battery committed against the plaintiff, plaintiff was harmed physically requiring him to receive medical treatment, he was scarred and subjected to physical pain, humiliation, embarrassment, anxiety, and was subjected to various ongoing physical and emotional harms.

35. That by reason of the aforesaid, the plaintiff POLLOCK has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GREGORY R. POLLOCK
## VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA ASSAULT

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37. That on the aforementioned date, time and place, the defendant, PETER TAM, committed the tort of assault against plaintiff POLLOCK by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

38. That on the aforementioned date, time and place, the defendant, KEITH McDOWELL, committed the tort of assault against plaintiff POLLOCK by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated

the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

39. That by reason of the aforesaid, committed by defendants, plaintiff POLLOCK suffered and continues to suffer emotional injuries and that he was otherwise damaged.

40. That by reason of the aforesaid, the plaintiff POLLOCK has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, he is entitled to awards of punitive damage and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff GREGORY A. POLLOCK, demands judgment against the defendants, PETER TAM and KEITH McDOWELL, in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action; along with reasonable attorney's fees pursuant to 42 U.S.C. §1988 on all causes of action, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Cold Spring Harbor, New York
       November 1, 2009

BARON & PAGLIUGHI, PLLC

_____
PETER D. BARON (PB8519)
85 Main Street – Suite A
Cold Spring Harbor, New York 11724
(631) 367-7000

Docket No.: 08-CV-3416 (NG)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GREGORY R. POLLOCK a/k/a FRANK LUONGO a/k/a FRANK LONGO,

*Plaintiff(s)*

-against-

PETER TAM and KEITH McDOWELL,

*Defendant(s)*

## AMENDED COMPLAINT

**Baron & Pagliughi, PLLC**
*Attorneys for Plaintiffs*
*Office and Post Office Address, Telephone*
85 Main Street
Cold Spring Harbor, New York 11724
(631) 367-7000

To
   Attorney(s) for

Service of a copy of the within                   is hereby admitted.

Dated:

                                      Attorney(s) for

Sirs:

**PLEASE TAKE NOTICE**

☐    NOTICE OF ENTRY that the within is a (certified) true copy of a            duly entered in the office of the Clerk of the within named court on

☐    NOTICE OF SETTLEMENT that an Order of which the within is a true copy of will be presented for settlement to the HON.            , one of the judges of the within named court at
on     at

Dated:

                                 Yours, etc.,

                                 Baron & Pagliughi, PLLC
To:                           *Attorneys for Plaintiff(s)*
                                 *Office and Post Office Address, Telephone*
                                 85 Main Street
                                 Cold Spring Harbor, New York 11724
                                 (631) 367-7000