

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | SHLOMIT AROUBAS<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel.: (212) 442-2715<br>Fax: (212) 788-9776<br>saroubas@law.nyc.gov |
|---|---|---|

January 25, 2010

**By ECF**
Honorable Nina Gershon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: Gregory Pollock a/k/a Frank Luongo a/k/a Frank Longo v. City of New York, et al.,
           08 CV 3416 (NG)(RLM)

Your Honor:

       Pursuant to the parties' December 10, 2009 agreement, enclosed please find a STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE which has been executed by in the above-referenced matter. We respectfully request that Your Honor endorse the enclosed STIPULATION.

       We thank the Court for its time and consideration in this matter.

                                Respectfully submitted,

                                /s/
                                Shlomit Aroubas
                                Assistant Corporation Counsel
                                Special Federal Litigation Division

Encl.

cc:     Honorable Roanne L. Mann (By ECF)
         United States Magistrate Judge

         Peter Baron, Esq. (By ECF)
         *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| GREGORY R. POLLOCK, A/K/A FRANK LUONGO, A/K/A FRANK LONGO, | STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE |
| Plaintiff, | 08-CV-3416 (NG)(RLM) |
| -against- | |
| PETER TAM and KEITH MCDOWELL, | |
| Defendants. | |

------------------------------------------------------------------------X

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about August 20, 2008, alleging that certain of his federal and state rights were violated; and

**WHEREAS,** plaintiff commenced this action naming the City of New York ("City"), the New York City Police Department ("NYPD"), and Unidentified New York City Housing Bureau Police Officers of Service Area #2 ("Unidentified Officers") as defendants; and

**WHEREAS,** on or about November 3, 2009, plaintiff filed an amended complained in this action dismissing defendants City, NYPD, and Unidentified Officers, and naming Police Officer Peter Tam and Police Officer Keith McDowell as defendants; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Gregory R. Pollock, A/K/A Frank Luongo, A/K/A Frank Longo (hereinafter "Gregory R. Pollock"), the sum of TWENTY SIX THOUSAND FIVE HUNDRED DOLLARS ($26,500.00) in full satisfaction of all claims made against the defendants in the action, including claims for costs, expenses, and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the named defendants, Police Officer Peter Tam and Police Officer Keith McDowell, with prejudice, and to release all of the defendants, and any present or former employees or agents of the City of New York, or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims, or rights of action under state or federal law arising from and contained in the complaints in these actions, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
December 18, 2009

PETER BARON, ESQ.
Baron & Pagliughi, PLLC
*Attorney for Plaintiff*
85 Main Street, Suite A
Cold Spring Harbor, New York 11724

By: _____
Peter Baron

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-188
New York, New York 10007
(212) 442-2715

By: _____
Shlomit Aroubas
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. NINA GERSHON, U.S.D.J.

3